UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD R. LECHNER,<br><br>    Plaintiff,<br><br>  v.<br><br>LVMPD, *et al.*<br><br>    Defendants. | Case No. 2:19-cv-00638-RFB-VCF<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court are two motions: Plaintiff Gerald R. Lechner's MOTION for Leave to File (ECF No. 131) and Individual Michael Troy Moore's MOTION by Claimant Seeks Enjoiner as an Injured Party in this Case (ECF No. 138).

For the foregoing reasons, both motions are denied.

### II.   PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on April 12, 2019. ECF No. 1. The Court directed him to file an amended complaint. ECF No. 35. On April 8, 2020, Plaintiff filed the first amended complaint. ECF No. 37. In September 2020, interested parties filed motions to join as co-plaintiffs. See ECF Nos. 65, 66, 67, 68. On October 16, 2020, Moore filed a notice regarding "Missing Union Dues and Intent to File Cross-Complaint." ECF No. 74.

On March 22, 2021, the Court denied Defendants' motion to dismiss Plaintiff's first amended complaint without prejudice. ECF No. 87. The Court construed the interested parties' motions as motions to intervene. Id. The Court denied the motions given the stage of the case at

that time, the statute of limitations issues related to the interested parties' claims, and the prejudice to Defendants. Id. It found that these parties would need to file separate cases to proceed. Id.

On March 24, 2021, Plaintiff filed a second amended complaint ("SAC"). ECF No. 88. The SAC alleges malicious prosecution, deprivation of property without due process, unreasonable searches and seizures, and First Amendment retaliation against Defendants Christopher J. Kopf, Las Vegas Metro Police Department ("LVMPD"), Andre A. McFarland, Christopher R. O'Connell, Clint W. Owensby, Jonathan M. Riddle, and Dillon A. Wedewer. Id.

On October 4, 2021, Defendants filed a motion for summary judgment. ECF No. 111.[1] Plaintiff filed a Response on October 26, 2021, and Defendants filed a Reply on November 16, 2021. ECF Nos. 121, 128. On December 27, 2021, Plaintiff filed the instant Motion for Leave to File a Surreply in response to Defendants' Reply. ECF No. 131. Defendants filed a Response in opposition to Plaintiff's motion. ECF No. 132.

On July 13, 2022, the Court held a motion hearing regarding the pending motions for summary judgment and the instant motion for leave to file a surreply. See ECF Nos. 135, 136, 137.

Two days after the motion hearing, Moore filed the instant Motion "by Claimant Seek[ing] Enjoiner as an Injured Party in this Case." ECF. 138. Plaintiff filed a Response in opposition to Moore's motion, and Moore filed a Reply. ECF Nos. 139, 140.

This Order follows.

### III.   DISCUSSION

The Court first addresses Moore's instant motion, then addresses Plaintiff's instant motion. An order regarding the parties' motions for summary judgment is forthcoming.

    **a.   MOTION by Claimant Seeks Enjoiner as an Injured Party in this Case, ECF No. 138**

"Intervention and joinder are distinct procedures. Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. Joinder, by contrast, is

---

[1] Two days later, on October 6, 2021, Plaintiff filed a partial motion for summary judgment. ECF No. 115. Defendants filed a Response on October 27, 2021, and Plaintiff filed a Reply on November 10, 2021. ECF Nos. 122, 126.

appropriate where an existing party files pleadings requesting that the Court join a nonparty." West v. Ulloa, No. 17-CV-04892, 2018 WL 5974346, at *4 (C.D. Cal. Feb. 7, 2018), report and recommendation adopted, No. 17-CV-04892, 2018 WL 5915647 (C.D. Cal. Mar. 27, 2018).

Although Moore uses the phrase "enjoinder" in his motion, it is clear, including in light Plaintiff's opposition, that Moore seeks to intervene in Plaintiff's action. Therefore, the Court construes Moore's motion as one of intervention.

### i. Legal Standard

Under Federal Rule of Civil Procedure 24,[2]

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> **(b) Permissive Intervention.**
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> . . .
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . .
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

### ii. Analysis

Moore argues that he should be allowed to intervene in this action based on body camera video footage evidence showing Defendants removing $1,850 from a folder they found in Plaintiff's vehicle with the name of the name of a union he owns, labeled "Confidential." He asserts

---

[2] By contrast, joinder is appropriate where an existing party files pleadings requesting that the Court join a nonparty. Id. ("Nonparties may be joined as parties to an existing action under appropriate pleadings filed by those already parties ... [b]ut this procedure cannot be utilized by an outsider." (citing Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial § 7:165 (Rutter Group 2014) ) ).

that Plaintiff was a volunteer union organizer for the union, named Sonic Laborers and Visual Entertainers Union, and that, for years, Plaintiff has solicited dues without Moore's authorization. Moore has been told by street performers that Plaintiff has been doing this and keeping union dues from him. The video also shows Defendants calling Moore a scam artist that cheats street performers. Accordingly, Moore contends both Plaintiff and Defendants have injured him. Specifically, he asserts that Defendants' actions have caused him pain and suffering and economic loss as a professional labor representative. Additionally, the $1,850 is still unaccounted for. Moore seeks in excessive of $75,000.[3]

### 1. Pro Se Status

As an initial matter, the Court's review of Moore's motion and relevant filings show that they are not prepared by counsel on his behalf. Therefore, the Court finds that this motion is brought by a pro se party. The Court also finds that Moore's alleged injury stems from Plaintiff and Defendants' conduct regarding the union he owns. It does not appear, however, that Moore is seeking restitution for the unaccounted union dues, on his union's behalf. He seems to allege that he was defamed and slandered by Plaintiff and Defendants. Therefore, the Court does not find that Moore is seeking to represent the interests of a third party entity – here, the Sonic Laborers and Visual Entertainers Union. This of course would be improper for Moore to do. See C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citation omitted)). Therefore, the Court proceeds to address Moore's motion to intervene.

For the following reasons, the Court denies the motion.

### 2. Rule 24 Analysis

#### a. Intervention of Right

Courts employ a four-part test when analyzing intervention of right: "(1) the motion must

---

[3] Moore also seeks to join the lawsuit in forma pauperis. The Court, however, finds that this request violates the local rules and therefore does not consider it. "All motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared. The motion must be supported by a memorandum of points and authorities." Local Rule 7-2(a). Moreover, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Local Rule IC 2-2(b).

- 4 -

be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011). Courts broadly construe these requirements. See id. "Timeliness is the threshold requirement for intervention as of right. In other words, if [the] [court] find[s] that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (citations omitted).

To determine whether a motion to intervene is timely, a court considers: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted).

The Court finds that the motion is untimely because Moore waited 21 months to file it, after he provided the Court with notice, in October 2020, regarding his "Missing Union Dues and Intent to File Cross-Complaint." ECF No. 74. The Court finds that allowing Moore to intervene in this action would prejudice the existing parties. The motion was also filed more than nine months after discovery closed, and after the Court held a motion hearing regarding two dispositive summary judgment motions. The Ninth Circuit has held that "prejudice to existing parties is the most important consideration in deciding whether a motion for intervention is untimely." Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 857 (9th Cir. 2016). "[T]he only prejudice that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more difficult[ ]." Id. Finally, Moore provides no persuasive basis for why he delayed filing this motion. Wilson, 131 F.3d at 1304 ("[C]ourts generally have been reluctant to allow intervention when the applicant appears to have been aware of the litigation but has delayed unduly seeking to

/ / /

intervene."). The Court finds that Moore's motion was not timely filed and does not reach the remaining elements of Rule 24. See Wilson, 131 F.3d at 1302.

Moore's motion for intervention as of right is therefore denied. As the Court told the now terminated, interested parties, on March 22, 2021 – more than a year before Moore filed this instant motion, Moore will need to file a separate case to redress his alleged injuries.

### 3. Permissive Intervention

"[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." United States v. City of Los Angeles, 288 F.3d 391, 403 (9th Cir. 2002) (citation omitted). "The district court is given broad discretion to make this determination." Perry v. Schwarzenegger, 630 F.3d 898, 905 (9th Cir. 2011).

As with motions for intervention as of right, "[a] finding of untimeliness defeats a motion for permissive intervention." Wilson, 131 F.3d at 1308. Therefore, Moore's motion for permissive intervention is also denied.

### b. MOTION for Leave to File a Surreply, ECF No. 131

"Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Local Rule 7-2(b)

Plaintiff filed the instant motion for leave to file a surreply to Defendants' reply in support of their motion for summary judgment, claiming that Defendants raised new arguments in their reply. ECF No. 131. Defendant responded, opposing the motion, arguing that the fact that arguments or facts raised to rebut or specifically respond to arguments or facts laid out in opposition are not "new," and that the motion should be denied on that basis. ECF No. 132.

The Court does not find a proper basis to grant Plaintiff's surreply and therefore denies Plaintiff's motion.

/ / /

/ / /

### IV.     CONCLUSION

**IT IS ORDERED** that Plaintiff Gerald R. Lechner's MOTION for Leave to File (ECF No. 131) is DENIED.

**IT IS FURTHER ORDERED** that Individual Michael Troy Moore's MOTION by Claimant Seeks Enjoiner as an Injured Party in this Case (ECF No. 138) is DENIED.

**DATED:** March 31, 2023

                                                                                  _____
                                                                                  **RICHARD F. BOULWARE, II**
                                                                                  **UNITED STATES DISTRICT JUDGE**