UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Gerald R Lechner,

                Plaintiff(s),

vs.

LVMPD, *et al*.,

                Defendant(s).

2:19-cv-00638-RFB-MDC

Order

Pending before the Court is *pro se* plaintiff Gerald R. Lechner's *Motion for Leave to File Proposed Pretrial Order* ("Motion") (ECF No. 178). For the reasons discussed below, the Court denies the Motion.

**DISCUSSION**

**I.     BACKGROUND**

Plaintiff seeks leave to "file his completed portion of the pretrial order." ECF No. 178 at 1:22-23. Plaintiff requests that "his portion of the pretrial order be accepted for filing to avoid any further undue delays." *Id*. at 2:2-3. Plaintiff states that "the parties have since obtained seven extensions to this deadline over the next approximate six months." *Id.* at 2:15-16; ¶4. Plaintiff claims that he "has essentially completed his portion of the joint pretrial order, [] has reviewed all discovery, and has no objections to *any* of the material disclosed through discovery." *Id.* at 2:17-19; ¶5 (emphasis in original). Plaintiff also claims that "[d]efendants have had a preliminary draft of the original pretrial order for more than ninety days, and have yet to communicate any changes." *Id.* at 2:20-21; ¶6.

Defendants filed an Opposition (ECF No. 180) to the Motion (ECF No. 178). Defendants argue that "[a]fter being given several months to prepare the proposed Joint Pre-Trial Order, [p]laintiff refused to work with defense counsel in an attempt to reach an agreement." ECF No. 180 at 2:5-6. Defendants further state that "[p]laintiff provided the lengthy proposed Joint Pre-Trial Order, just two days before the due date." *Id.* at 7-8. Defendants request that the Court either deny [p]laintiff's request and instruct

him to meet and confer with defense counsel to meaningfully discuss the Joint Pre-Trial Order **or** require/allow parties to submit competing Pre-Trial Orders for the Court's review. *Id.* at 2:11-17.

## II.   ANALYSIS

The Court denies plaintiff's Motion (ECF No. 178). The Court finds that plaintiff has not shown sufficient cause to be allowed to file only his portion of the Pre-Trial Order. Pursuant to Local Rule 16-3(b), it is the plaintiff's responsibility to initiate and prepare the Joint Pre-Trial Order. LR 16-3(b) ("Upon initiative of a pro se plaintiff or plaintiff's attorney…"). As defendants have pointed out, the many stipulations referenced by plaintiff were sought and initiated by plaintiff. ECF No. 180 at 6:21-22. Plaintiff cannot claim delay when it was his responsibility to initiate and prepare the Joint Pre-Trial Order and has failed to do so until now. Furthermore, plaintiff cannot claim delay when, as defendants allege, plaintiff provided his proposed Pre-Trial Order to defendants a mere three days before the Pre-Trial Order was due. ECF No. 180 at 5:19-20. The Court also notes, as defendants have indicated, that plaintiff makes no mention of any meaningful discussions with defendants regarding the Pre-Trial Order. Although plaintiff has stated that he has provided a draft to defendants, the Court finds that this exchange does not amount to a meaningful discussion. Plaintiff must fully participate in drafting the proposed joint Pre-Trial Order. *See Huckman v. Snackers Sinclair, Inc.*, 2024 WL 1445738, at *2 ("A more fulsome effort is required, so the parties must engage in a meaningful discussion about their trial presentations and submit a joint pretrial order that complies with Local Rules 16-3 and 16-4.").

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Leave to File Proposed Pretrial Order* (ECF No. 178) is DENIED.
2. Within thirty (30) days of the date of this Order, parties must meet and confer, via face-to-face meeting, telephone conference, or video conference, to **meaningfully** discuss the Proposed Joint Pretrial Order.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 21st day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge